UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY HAWKINS,

                Petitioner,                Case No. 2:19-cv-10176
                                                        Hon. Gershwin A. Drain

THOMAS WINN,

                Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [# 8]; DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS [# 7]; DENYING CERTIFICATE OF APPEALABILITY; AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

      Kerry Hawkins, ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2012 Wayne County Circuit Court guilty plea conviction to second-degree murder. The petition asserts that Hawkins should have been convicted of the lesser offense of involuntary manslaughter. Dkt. 1, ¶12.

      This matter is before the Court on Respondent's Motion to Dismiss the petition as untimely filed. Dkt. 8. Petitioner also filed a motion to stay the petition to exhaust additional claims regarding his sentence. Dkt. 7.

      The Court will grant Respondent's Motion and dismiss the case because Petitioner failed to comply with the one-year limitations period under 28 U.S.C.

§2244(d). The Court will also deny Petitioner's Motion to Stay, deny a certificate of appealability, and deny permission to proceed on appeal in forma pauperis.

I. Background

At Petitioner's September 14, 2012 guilty plea hearing, he testified that the victim, 21-month-old X'zavier Beck, lived at his home in Detroit. On the date of the incident, X'zavier was jumping off of furniture and making noise. Petitioner threw the victim against a wall. Petitioner knew that he could cause serious injury, and he knew that with enough force to the head, it could cause death. Hospital records indicated that X'Zavier died from a subdural hematoma. Dkt. 9-4, at 9-11.

Following sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, challenging the voluntariness of his guilty plea. On May 16, 2013, the Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. Hawkins*, No. 315365 (Mich. Ct. App. May 16, 2013). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but it was denied on January 29, 2014. *People v. Hawkins*, 843 N.W.2d 169 (Mich. 2014) (Table).

On June 17, 2014, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion by order dated April 22, 2015. Dkt. 9-6. Petitioner did not appeal this decision to the Michigan Court of Appeals.

On July 22, 2016, Petitioner filed a second motion for relief from judgment. The trial court denied this motion on November 10, 2016. Dkt. 9-1, at 2.

Petitioner filed an untimely application for leave to appeal in the Michigan Court of Appeals. On May 2, 2018, the Michigan Court of Appeals dismissed the appeal because it was not filed within the time period required by Michigan Court Rule 7.205(G)(3). *People v. Hawkins*, No. 343326 (Mich. Ct. App. May 2, 2018). Hawkins applied for leave to appeal to the Michigan Supreme Court, but it was denied on December 4, 2018. *People v. Hawkins*, 920 N.W.2d 115 (Mich. 2018) (Table).

The habeas petition was signed and dated by Petitioner on January 14, 2019.

## II. Standard of Review

Though Respondent styles his Motion as a motion to dismiss, it is properly construed as one of summary judgment because the motion and the record before the Court includes documents outside of the pleadings. *See e.g.*, *Anderson v. Shane Place*, 2017 U.S. Dist. LEXIS 65670, *6, 2017 WL 1549763 (E.D. Mich. May 1, 2017).

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

III. Discussion

There is a one-year statute of limitation for petitions filed by state prisoners seeking federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually the day the judgment becomes final by the conclusion of direct review. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case. Under this section, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Here, the expiration of time for seeking direct review of Petitioner's conviction was

April 29, 2014, 90 days after the Michigan Supreme Court denied Petitioner's application for leave to appeal on direct review on January 29, 2014. *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007).

The one-year statute of limitations may be statutorily tolled by a properly filed motion for state post-conviction review. See 28 U.S.C. § 2244(d)(2). Petitioner filed such a motion on June 17, 2014, which was 48 days after the period of limitations began to run. The motion was denied on April 22, 2015. Petitioner failed to appeal that decision, but the period of limitations continued to be tolled for the period of time in which Petitioner could have timely appealed the denial of his motion for relief from judgment – a period of six months which expired on October 23, 2015. *Holbrook v. Curtin*, 833 F.3d 612, 615-618 (6th Cir. 2016); MICH. CT. R. 7.105(G)(2).

The statute of limitations thus started running again on October 24, 2015, and because 48 days had already run on it, Petitioner had another 317 days, or until September 5, 2016, to file his federal habeas petition or file another state post-conviction review proceeding to toll it.

Petitioner filed a second motion for relief from judgment on July 22, 2016, 272 days after the period started running again. Assuming this second motion acted to toll the limitations period, only 45 days remained on the statute of limitations when he filed the second motion for relief from judgment.

The trial court denied this motion on November 10, 2016. Petitioner did not file a timely appeal from this order. The Michigan Court of Appeals dismissed Petitioner's untimely application for leave to appeal on May 2, 2018. Because the appeal of the trial court's order was untimely, it did not act to toll the statute of limitations. See *Evans v. Chavis*, 546 U.S. 189, 191 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law.").

Instead, the period of tolling only extended to the date on which Petitioner could have, but did not, file a timely appeal. That date was May 11, 2017, six months after the trial court's order. *Holbrook*, 833 F.3d at 615-618; MICH. CT. R. 7.105(G)(2). The limitations period began running again the next day, May 12, 2017, and it expired 45 days later, on June 26, 2017.

Petitioner did not sign and date the instant federal petition until January 14, 2019, long after the period of limitations expired.

Petitioner did not file a reply to Respondent's Motion, and so he does not contest these calculations. Using his petition as a guide, however, it appears Petitioner would defend the timing of his petition on the ground that he "did not know the law and I still don't [know] everything about the law." Dkt. 1, at ¶ 12(b). A petitioner is entitled to equitable tolling of the statute of limitations only if he

shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that she is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

The fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations does not warrant tolling. See *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Accordingly, Petitioner has failed to demonstrate entitlement to equitable tolling based on his ignorance of the statute of limitations.

Accordingly, the Court will grant Respondent's Motion for Summary Judgment and dismiss the petition because it was filed after expiration of the one-year statute of limitations, and Petitioner has failed to demonstrate entitlement to equitable tolling.

Petitioner filed a Motion to Stay so that he can return to the state courts and file a third motion for relief from judgment to raise unexhausted claims related to his sentence. Dkt. 7. Setting aside the fact that the motion is mooted by the dismissal of the case, Petitioner would not be entitled to a stay because state law prohibits him from filing another motion for relief from judgment. See MICH. CT. R. 6.502(G); *Love v. Burt*, 2015 WL 3916098, *9-11 (E.D. Mich. June 25, 2015) (habeas petitioner not entitled to stay where he did not have an available state court remedy). Petitioner's motion to stay is therefore denied.

## IV. Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not debate the Court's procedural ruling. A certificate of appealability will therefore be denied.

Leave to appeal in forma pauperis is denied because an appeal of this order could not be taken in good faith. 18 U.S.C. § 1915(a)(3).

V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay Proceedings is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that permission for leave to appeal in forma pauperis is **DENIED.**

SO ORDERED.

Dated: August 12, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
August 12, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager